UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL M.Z.<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, ET AL,<br><br>Respondents. | No. 1:26-CV-06228-RLP<br><br>ORDER GRANTING HABEAS PETITION |

Before the Court is Michael M.Z.'s[1] ("Petitioner") petition for writ of habeas corpus. ECF No. 1. Petitioner challenges the lawfulness of his civil detention. He

[1]As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case

contends his prolonged detention without a bond hearing violates his Fifth Amendment Due Process rights. Respondents contend that because Petitioner was paroled into the United States, he is an "applicant for admission" subject to the mandatory detention provisions of 8 U.S.C § 1225(b)(2)(A). Petitioner responds that even if § 1225(b)(2)(A) applied at the time he was paroled into the United States, it became inapplicable once his removal proceedings were terminated. He contends his detention is subject to the provisions of § 1226(a) and because no bond hearing has been provided, his due process rights have been violated.

The Court agrees that Petitioner is subject to discretionary detention under § 1226(a) and grants his release.

## BACKGROUND

Petitioner is a native and citizen of Cuba. On October 12, 2023, Petitioner was paroled into the United States. DHS thereafter initiated removal proceedings against him, serving him with a Notice to Appear. The removal proceedings were terminated without prejudice on August 13, 2024, to allow Petitioner to pursue adjustment of status before USCIS pursuant to the Cuban Adjustment Act. He timely filed his Form I-485, which currently remains pending. Since then,

---

Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

Petitioner has remained in the United States. He resides in Miami with his wife and minor son, has maintained steady employment, paid taxes and complied with all applicable laws.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). He was arrested on July 20, 2026 while at a shopping mall in Miami, and has since been held in federal custody.

## DISCUSSION

Petitioner contends his detention without a custody determination or bond hearing violates the INA and the Fifth Amendment. Respondents argue in response that Petitioner is an "applicant for admission" subject to mandatory detention under § 1225(b)(2)(A).

The parties disagree as to which statutory provision governs Petitioner's current detention. Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) while, as noted above, Respondents argue Petitioner is detained under 8 U.S.C. § 1225(b)(1).

Section 1225 authorizes the Government to detain certain noncitizens seeking admission into the United States. *See Jennings v. Rodriguez,* 583 U.S. 281, 289 (2018). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the Unites States." *Id*. at 297. Noncitizens are considered "applicants for admission" when they "arrive" in or are "present" in the United States but have "not been admitted." 8 U.S.C. § 1225(a)(1). In contrast, Section 1226(a) is the "default rule" for noncitizens present in the United States who are arrested and placed in immigration detention. *See Jennings*, 583 U.S. at 303. Section 1226(a) permits the government to release a detainee on bond during the pendency of the detainee's removal proceedings. *Id*.

As an initial matter, Petitioner does not appear to contest that he was an "applicant for admission" who was "seeking admission" when he presented himself for inspection in October 2023. ECF No. 1 at 4. Rather, he argues that he was no longer "seeking admission" at the time he was arrested by ICE, at which point his removal proceedings had been terminated, and he was pursuing adjustment of status before USCIS.

The term "seeking admission" is not defined under Section 1225. As many cases in this District and this Circuit have found, "seeking admission" is best understood to require "an affirmative act such as entering the United States or applying for status." *See Mosqueda v. Noem*, 2025 WL 2591530, at *5 (C.D. Cal. Sept. 8, 2025); *see also Esquivel-Ipina v. LaRose*, 2025 WL 2998361, at *5 (S.D. Cal. Oct. 24, 2025); *Rodriguez v. Bostock*, 2025 WL 2782499, at *1 (W.D. Wash. Sept. 30, 2025) ("Every district court to address this question has concluded that the government's position belies the statutory text of the INA, canons of statutory interpretation, legislative history, and longstanding agency practice.").

Here, Petitioner was not "seeking admission" within this interpretation. He was arrested in the interior of the United States at a shopping mall, not while presenting himself at the gate of entry to attempt to apply for admission. *Diaz v. Warden, California City Correction Ctr*., 2026 WL 1765212 at *2 (E.D. Cal. June 18, 2026) ("the Court finds meritless the Government's position that Petitioner—who, more than three years ago, made an appointment with immigration authorities, presented himself at a port of entry, was paroled into the country, and whose application to register for permanent residence or adjustment of status remains pending—is 'seeking admission' and subject to mandatory detention as if he had been arrested attempting to unlawfully cross the border."); *Medina Rodriguez v. Warden of the Golden State Annex*, 2026 WL 2206240 at *1 (E.D.

Cal. July 30, 2026) (same). Accordingly, the Court finds that he is subject to the discretionary detention provisions of Section 1226(a). *See Rodriguez Vazquez v. Bostock*, --- F.4th ---, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026).

Respondents have not made any new legal arguments and have not identified any factual or legal issues warranting Petitioner's continued detention. Therefore, he has been entitled to an initial custody determination by an ICE officer and a bond hearing before an IJ. 8 C.F.R. §§ 236.1(c)(8), (d)(1). Petitioner has received neither. He was not detained for any criminal charges or other behavior warranting his detention, and Respondents present no alternative basis for his detention. Therefore, release, which is "the traditional remedy of habeas corpus," is appropriate. *Preiser v. Rodriguez*, 411 U.S. 475, 400 (1973).

**Accordingly, IT IS ORDERED:**

1. The Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED.**

2. Respondent must **IMMEDIATELY RELEASE** Petitioner (A #244219797) from custody. At the time of release, Respondent must return all of Petitioner's documents and possessions and shall not impose any additional restrictions on him as a condition of his release. Respondent must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.

3. Respondent is ENJOINED AND RESTRAINED from re-arresting or

re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where (a) Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondent demonstrates by clear and convincing evidence that the Government's interest in protecting the public and/or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention. *See Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

4. The security bond requirement of Federal Rule of Civil Procedure 65(c) is waived. Courts regularly waive security in cases like this, and the government has not established a need to impose a security bond.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Petitioner and the case closed. The Clerk of Court is directed to transmit a copy of this order to Respondents and Petitioner.

DATED August 25, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE